**2023 IL 127789**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS


(Docket No. 127789)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
ERNESTO URZUA, Appellee.


*Opinion filed June 15, 2023.*


JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Justices Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.

Chief Justice Theis dissented, with opinion, joined by Justices Overstreet and Holder White.


## OPINION

¶ 1        Petitioner, Ernesto Urzua, challenges the second-stage dismissal of his postconviction petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). The circuit court of Kane County granted

appointed counsel's motion to withdraw, and petitioner was allowed to retain successor postconviction counsel. The State then filed a motion to dismiss, which was granted by the circuit court. On appeal, petitioner argued that he did not receive effective assistance of retained postconviction counsel at the hearing on the State's motion. The appellate court agreed, reversing and remanding for further proceedings. 2021 IL App (2d) 200231, ¶ 92. For the following reasons, we affirm in part and reverse in part the judgment of the appellate court.

¶ 2                                  I. BACKGROUND

¶ 3        The appellate court's opinion below sets forth a thorough and comprehensive account of the factual history of this case, and we need not repeat the entirety of the facts here. 2021 IL App (2d) 200231. Instead, we set forth only a brief summary of the relevant facts and only as necessary to frame the specific issues presented in this appeal.

¶ 4                              A. Conviction and Appeal

¶ 5        On March 13, 2008, defendant was found guilty of attempted murder committed on March 1, 2002 (720 ILCS 5/8-4(a), 9-1(a) (West 2006)), and he was subject to a 25-year enhancement pursuant to section 8-4(c)(1)(D) of the Criminal Code of 1961. *Id.* § 8-4(c)(1)(D). He moved for a new trial, which was denied. Defendant was sentenced to 48 years' imprisonment. On direct appeal, defendant challenged the sufficiency of the State's evidence. The appellate court rejected his contention and affirmed his conviction. *People v. Urzua*, 395 Ill. App. 3d 1127 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6                           B. Postconviction Proceedings

¶ 7        On July 13, 2010, petitioner filed a *pro se* postconviction petition, in which he alleged that (1) his trial counsel was ineffective for failing to preserve the argument that he was entitled to impeach the victim with prior convictions for aggravated criminal sexual abuse and reckless discharge of a firearm, (2) his trial counsel was ineffective for failing to object to the State's use of the word "cowardly" during its

opening statement, (3) his appellate counsel was ineffective, (4) his sentence violated the proportionate penalties clause of the Illinois Constitution, and (5) he had newly discovered evidence of actual innocence. In support of his actual-innocence claim, petitioner attached the "affidavit" of Markus Spires, who stated that someone other than petitioner was responsible for the murder. The "affidavit" was not notarized; rather, it was signed by Spires, on April 4, 2010, "under the penalty of perjury." Defendant asserted he was entitled to a new trial because the "affidavit" was new, material, noncumulative, and of such conclusive character it would likely change the result on retrial, because the "affidavit" concerned a witness for the State, Jamaal Garcia, who testified at trial against defendant.

¶ 8        Spires's "affidavit" indicated that in March 2002 (though he did not remember the actual date), he was driving on Claim Street when he "came upon" his friend, Garcia, who was wearing a black hooded sweatshirt and was "running really fast as if he were trying to get away from someone/something/or somewhere, from the direction of Columbia [Street]." Spires further averred that he quickly pulled over as Garcia flagged Spires down and Garcia entered his car. As Garcia entered his car, he noticed Garcia was carrying and holding a chrome revolver. Spires asked Garcia "what was *** going on," and Garcia told him he had just shot an " 'Insane Deuce' over on Columbia [S]treet." Further, Spires stated, "I for some reason didn't think to have [Garcia] get out while he still brandished the gun or to know anything further for I truly did not want any part of the trouble that was sure to follow." Spires drove Garcia a few blocks, at which time Garcia threw the revolver from the window and then asked to be let out of Spires's car. Spires averred that he wanted the court to know that he was giving the statement of his own free will, free from influence from threats or promises, and because it was "the right thing to do after learning [defendant] was charged" for the shooting. The "affidavit" was not notarized; rather, it was signed by Spires, on April 4, 2010, "under penalty of perjury" pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2010)).

¶ 9        Without a first-stage ruling, in December 2010, the circuit court advanced the petition to second-stage proceedings under the Act and appointed an attorney to represent petitioner. Due to a conflict of interest within the public defender's office, private attorney Ronald Haskell was appointed to represent petitioner. After several delays in receiving transcripts, in August 2015, Haskell (appointed counsel) told

the court he had reviewed the transcripts and was now in a position to file an amended petition within the next 30 days.

¶ 10 At subsequent status hearings, appointed counsel told the court he still "need[ed] to contact an individual" he had been unable to find and needed his investigator "to check a couple things out." However, he did not file an amended petition; rather, in August 2016, he filed a motion for leave to withdraw under the procedures set forth in *People v. Greer*, 212 Ill. 2d 192 (2004).

¶ 11 Appointed counsel filed a supporting memorandum, asserting he could not ethically proceed with the petition, and also certified under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) that he had (1) reviewed the common-law record and report of proceedings submitted to the appellate court in petitioner's direct appeal, the PSI, petitioner's briefs, and the disposition of petitioner's direct appeal; (2) consulted with petitioner, both in writing and in person, in a manner "sufficient to fully understand [petitioner's] issues and intent"; (3) read petitioner's *pro se* petition; and (4) determined the *pro se* petition raised no issues of merit. Specifically, appointed counsel argued that petitioner's *pro se* claim that his sentence violated the proportionate penalties clause was forfeited because it was not raised in the appellate court, and the sentence was within the court's discretion. As to petitioner's claim of actual innocence, he argued that he could not substantiate the existence of Markus Spires and, even if taken as true, the statement would not have changed the result of the trial.

¶ 12 C. Circuit Court Proceedings

¶ 13 On February 27, 2017, with no objection from the State, the circuit court granted appointed counsel's motion to withdraw and simultaneously granted petitioner's request for a continuance to retain counsel. At the hearing, the court engaged in the following colloquy:

"THE COURT: [A]ll right. So have you had a chance to speak with [petitioner]?

[APPOINTED COUNSEL]: Yes, I have, your Honor. I explained it to him in letters and I tried to explain to him the full support of my memorandum of

law and my motion to withdraw and the fact that I cannot find any constitutional violations that would warrant proceeding further or adopting his [*pro se*] allegations and, therefore, it is incumbent upon me to withdraw from the case.

THE COURT: Okay. So [petitioner], do you understand what your counsel has been explaining?

THE PETITIONER: Yes.

THE COURT: And so he has presented a motion to withdraw as your attorney and what would you like to say regarding that?

THE PETITIONER: I want to hire a private attorney.

THE COURT: Okay.

THE PETITIONER: If I can ask for some time to hire a private attorney, my family is wanting to help me apply for an attorney.

THE COURT: All right. So I am gonna [*sic*] grant Mr. Haskell's motion and allow him to withdraw as your attorney. \*\*\*

THE COURT: Given the situation and the need to hire private counsel, I will give you the six months because I assume your family is going to have to come together to finance that for you."

¶ 14    On March 7, 2017, 18 days later, the State filed a motion to reconsider the court's ruling granting petitioner an extension of time to obtain new counsel, asserting that, because appointed counsel's motion was pursuant to *Greer* and he had filed a Rule 651(c) certificate, petitioner should not have been permitted the further aid of counsel. On March 21, 2017, the State also filed a motion to dismiss contending that petitioner was not entitled to new counsel once his original appointed attorney was granted leave to withdraw under *Greer*. The State also argued that petitioner's actual innocence claim should be dismissed, as Spires's affidavit was not notarized and the proportionate penalties claim was meritless.

¶ 15    On April 12, 2017, at the hearing on the State's motion to reconsider, the court noted that, at the time it granted appointed counsel's motion for leave to withdraw, petitioner indicated that he would hire new counsel and the State had not yet filed

a responsive pleading. Accordingly, the court concluded that petitioner was entitled to hire his own counsel to respond to the State's motion to dismiss or seek leave to file an amended petition, at which point the State could object.

¶ 16       On June 8, 2017, the law firm of Mahoney & Mahoney entered its appearance on behalf of petitioner. On April 3, 2018, Matthew Haiduk filed an additional appearance. On October 8, 2019, after numerous continuances, Haiduk (retained counsel) informed the court that he had done a "lengthy investigation" and would not be able to amend the petition and elected to adopt petitioner's *pro se* petition.

¶ 17       On November 15, 2020, Haiduk filed a certification under Rule 651(c) stating that he had "consulted with [defendant] by phone on November 15, 2019[,] to ascertaine [*sic*] his or her contentions of deprivations of constitutional rights, ha[d] examined the record of proceedings at the trial, and ha[d] made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

¶ 18       On December 11, 2019, at the hearing on the State's motion to dismiss, in regard to petitioner's actual innocence claim, retained counsel stated that he had "put 30 seconds in looking for Spires" and tendered to the court a computer printout (which the court declined to put into evidence) showing a man named Markus Spires who was about the same age as petitioner and trial witnesses and had been arrested and charged in Cook County in 2016. With regard to the lack of notarization, retained counsel contended that petitioner was not required under the Act to have the "affidavit" notarized, as it was signed under penalty of perjury and whether Spires existed and whether he would testify consistently with his affidavit were factual questions to be resolved at a stage-three evidentiary hearing. Counsel did not address petitioner's proportionate penalties claim.

¶ 19       In the circuit court's order dated February 28, 2020, the court explained that it had not granted the motion to withdraw on the merits of the petition, stating that "the granting of a motion to withdraw under *Greer* is not dispositive." The court then found the lack of notarization on Spires's "affidavit" was fatal to petitioner's actual innocence claim and granted the State's motion to dismiss petitioner's *pro se* petition. Petitioner appealed.

¶ 20                                 D. Appellate Court Proceedings

¶ 21            On appeal, petitioner argued that the circuit court erred in granting the State's
        second-stage motion to dismiss. He further argued that his retained attorney did not
        provide reasonable assistance as guaranteed by the Act and Rule 651(c).

¶ 22            The appellate court noted that a petitioner who is represented by counsel in
        proceedings under the Act is entitled to a reasonable level of attorney assistance,
        and this is true whether the attorney is appointed or retained and whether the matter
        is at the first, second, or third stage of the proceedings. 2021 IL App (2d) 200231,
        ¶¶ 62-69.

¶ 23            The appellate court rejected the State's reliance on *People v. Thomas*, 2013 IL
        App (2d) 120646, for the proposition that, once defendant's appointed attorney was
        granted leave to withdraw under *Greer*, petitioner had no right to the assistance of
        any counsel and, therefore, no right to reasonable assistance of counsel. 2021 IL
        App (2d) 200231, ¶ 71. The court distinguished *Thomas*, because it did not consider
        the withdrawal by original appointed postconviction counsel to have any effect on
        a petitioner's right to reasonable assistance from a subsequently retained private
        attorney. *Id.* ¶ 72. The appellate court found *Thomas* was inapposite. *Id.* The
        appellate court further explained that there is no indication the circuit court granted
        appointed counsel's leave to withdraw on the basis that he determined the claims
        lacked merit as opposed to petitioner's desire, and stated intent, to retain a different
        attorney. The appellate court asserted that the record compels the opposite
        conclusion. *Id.*

¶ 24            The appellate court observed that at the first stage a petitioner has no statutory
        right to appointed counsel, as the right to appointed counsel attaches at the second
        stage. *Id.* ¶ 75. The court found support in *People v. Johnson*, 2018 IL 122227, for
        the determination that a petitioner is entitled to reasonable assistance even when he
        lacks the statutory right to appointed counsel. 2021 IL App (2d) 200231, ¶ 75. In
        *Johnson*, this court held that a defendant who retains an attorney at the first stage
        of proceedings under the Act is entitled to reasonable assistance—though not
        necessarily to the protections of Rule 651(c) (which are germane to second-stage
        proceedings)—from his retained attorney. *Johnson*, 2018 IL 122227, ¶ 18; 2021
        IL App (2d) 200231, ¶ 75.

¶ 25    Regarding the representation by retained counsel, the appellate court held that the record demonstrated that retained counsel was under the misconception that Spires's unnotarized signature was sufficient to advance the petition to the third stage and, thus, performed unreasonably as pertaining to petitioner's claim that he was actually innocent. 2021 IL App (2d) 200231, ¶¶ 81-87.

¶ 26    The appellate court reversed the circuit court's judgment of dismissal and remanded for further second-stage proceedings, at which time the circuit court was directed to appoint new counsel who must then comply with Rule 651(c). *Id.* ¶ 93. This court allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021).

¶ 27                        II. ANALYSIS

¶ 28    The primary questions presented for our review are (1) whether the circuit court, in granting appointed counsel's motion to withdraw, simultaneously determined that petitioner's *pro se* postconviction petition was without merit and (2) whether petitioner was required to receive reasonable assistance from retained counsel under the Act. Our review of a circuit court's dismissal of a postconviction petition at the second stage is *de novo*, as is the interpretation of the appointment of counsel provision in the Act. *People v. Dupree*, 2018 IL 122307, ¶ 29; *People v. Bailey*, 2017 IL 121450, ¶ 13; *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 29    The State contends that petitioner's statutory right to postconviction counsel ended when his appointed counsel certified compliance with Rule 651(c) and was granted leave to withdraw pursuant to *Greer*. The State further contends that this was an implied determination by the circuit court that petitioner's *pro se* petition was without merit. The State argues that the determination that the petition was without merit, whether by the circuit court or appointed counsel, ended petitioner's statutory right to reasonable assistance from a successive retained attorney. In the alternative, although the State concedes that it forfeited this argument, it contends that, assuming petitioner's right to reasonable assistance of counsel persisted after his appointed counsel was permitted to withdraw, the appellate court erred in remanding for further second-stage proceedings without first determining whether petitioner was prejudiced by retained counsel's performance. The State maintains that, because petitioner has not shown that he was prejudiced by retained counsel's

- 8 -

performance, the appellate court's judgment should be reversed or remanded for the court to make a prejudice assessment.

¶ 30    Petitioner responds that, when the circuit court allowed appointed counsel's motion to withdraw, it was not a determination that his *pro se* petition was without merit. At the time that the motion to withdraw was allowed, there was no hearing on the merits or a written or oral finding by the court that the petition lacked merit, nor could there be, since the State had not filed a motion to dismiss. Petitioner further contends he was statutorily allowed to have an attorney's reasonable assistance at the subsequent hearing on the State's motion to dismiss and that his retained postconviction counsel provided unreasonable assistance.

¶ 31                    A. The Post-Conviction Hearing Act

¶ 32    The Act provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their federal or state constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2010); *People v. Tate*, 2012 IL 112214, ¶ 8. At the first stage of postconviction proceedings, the circuit court must independently review the postconviction petition and shall dismiss it if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). Accordingly, the petition advances to the second stage if (1) the court fails to rule on the petition within the 90-day period, regardless of the petition's merit (*People v. Harris*, 224 Ill. 2d 115, 129 (2007)), or (2) the facts alleged in the petition state an arguable claim of constitutional deprivation (*People v. Hodges*, 234 Ill. 2d 1, 16 (2009)).

¶ 33    At the second stage, counsel may be appointed to assist an indigent defendant. 725 ILCS 5/122-4 (West 2010); *Tate*, 2012 IL 112214, ¶ 10. Postconviction counsel must consult with the defendant to ascertain his contentions of deprivation of constitutional rights, examine the record of the proceedings and the trial, and make any amendments to the *pro se* petition that are necessary to adequately present the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *People v. Suarez*, 224 Ill. 2d 37, 42 (2007); *Greer*, 212 Ill. 2d at 204-05. If, in the course of fulfilling these responsibilities, postconviction counsel discovers something that would ethically prevent him or her from presenting the petitioner's claims, counsel may move to withdraw. *People v. Kuehner*, 2015 IL 117695, ¶ 21. In that

circumstance, appointed counsel must explain why each of the petitioner's *pro se* claims lacks merit. *Id.*

¶ 34 Also, at the second stage, the State may file a motion to dismiss or an answer to the petition. *People v. Domagala*, 2013 IL 113688, ¶ 33. In deciding a motion to dismiss, the circuit court must determine whether the petition and accompanying documents make a substantial showing of a constitutional violation. *Johnson*, 2018 IL 122227, ¶ 15. If the petition makes the requisite showing, it is advanced for a third-stage evidentiary hearing. *Id.* If not, dismissal is proper. *Id.*

¶ 35                    B. The Circuit Court's Decision to Grant
               Appointed Counsel's Motion to Withdraw Pursuant
                    to *Greer* Was Not Dispositive of the Merits of
                         Petitioner's *Pro Se* Petition

¶ 36 The State contends that the circuit court, in granting appointed counsel's motion to withdraw pursuant to *Greer*, made a determination that petitioner's *pro se* petition was without merit. The State also contends that this determination, whether by the court or counsel, establishes that petitioner received his statutory right to counsel pursuant to the Act and that no further proceedings were necessary under the Act.

¶ 37 In *Greer*, this court affirmed the judgment of the appellate court, holding that an attorney appointed to represent a defendant in proceedings under the Act has an ethical obligation to withdraw when the attorney determines the defendant's claims are meritless. *Greer*, 212 Ill. 2d at 209. This court observed that an attorney cannot advance frivolous or spurious claims on behalf of a client, because doing so violates his or her duties under Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994). *Greer*, 212 Ill. 2d at 205. In addition, with respect to postconviction counsel's duty to make any necessary amendments to adequately present a petitioner's claims, the court found amendments that would only further frivolous or patently unmeritorious claims are not necessary within the meaning of Rule 615(c). *Id.* Thus, under *Greer*, postconviction counsel is ethically obligated to withdraw if he or she believes there are no meritorious issues. The *Greer* court stated that

- 10 -

"the legislature has seen fit to confer upon the circuit court the power, without the necessity of appointing counsel, to dismiss, outright, petitions at first stage when they are deemed frivolous or patently without merit. The fact that the legislature has required appointment of counsel for indigent defendants when the circuit court has not considered a postconviction petition in a timely manner does not, in our opinion, indicate that the legislature intended that such a defendant have continuing representation throughout the remainder of postconviction proceedings, where counsel later determines that the petition is frivolous or clearly without merit." (Emphasis omitted.) *Id.* at 208-09.

¶ 38    *Greer* makes it clear that, at the first stage, the circuit court, rather than counsel, gets to determine whether the petition is without merit. Further, the holding in *Greer* is limited in that it affirmed the appellate court's judgment affirming the circuit court's second-stage decision granting defense counsel's motion to withdraw. *Id.* at 212.

¶ 39    In the case at bar, the State contends that the circuit court made it clear that the motion to withdraw was pursuant to *Greer* and was a determination on the merits. We disagree. The circuit court specifically stated in its written order of February 20, 2020, that:

"[O]nce a *Greer* motion to withdraw is properly presented and allowed, the next procedural step is for the State to file either an answer or a motion to dismiss. The petitioner must then either proceed *pro se* or retain counsel. The granting of a motion to withdraw under *Greer* is not dispositive. To require a petitioner to proceed without the benefit of counsel if he can afford to retain such counsel is manifestly unfair."

¶ 40    Thus, the record shows that when the circuit court granted appointed counsel's motion to withdraw, it made no findings of fact or conclusions of law on the record that the petition was meritless. Indeed, at oral argument before this court, the State conceded that at the hearing on the motion to withdraw, there was not a specific finding by the court that petitioner's *pro se* petition was without merit. The record from the February 27, 2017, hearing supports an inference that the circuit court granted appointed counsel's motion to withdraw based on petitioner's intent to retain private counsel, not based on a determination of the petition's merits. During

the April 12, 2017, hearing on the State's motion to reconsider, the court clarified its February 27 ruling on appointed counsel's motion to withdraw by stating:

"I didn't kind of jump as far as I think the State may believe I jumped. All I did was indicate that I was granting attorney Haskell his motion to withdraw based upon *People v. Greer*. Mr. Urzua asked for time to hire new counsel. At that point I had nothing on file by the State."

We find that the record supports the circuit court's finding that the "granting of the motion to withdraw under *Greer* is not dispositive."

¶ 41 The State argues that postconviction counsel's assertion that petitioner's petition lacks merit effectively disposes of the petition on its merits. However, postconviction counsel is not the person who determines whether his withdrawal under *Greer* is dispositive or whether the claims in the petition are meritorious. *Kuehner*, 2015 IL 117695, ¶ 22 (requiring counsel to explain why petition is without merit because the trial court and reviewing courts will have a basis for evaluating counsel's conclusion); *People v. Teran*, 376 Ill. App. 3d 1, 5 (2007) (finding that on a motion to withdraw the ultimate responsibility to determine frivolity of potential issues lies with the court). Furthermore, it is improper for a circuit court to dismiss a postconviction petition simply because postconviction counsel has been allowed to withdraw as counsel. *People v. Jackson*, 2015 IL App (3d) 130575, ¶ 18 (determining that the fact that counsel has been granted leave to withdraw does not mean that the postconviction petition is dismissed (citing *People v. Greer*, 341 Ill. App. 3d 906, 910 (2003))).

¶ 42 According to section 122-5 of the Act, within 30 days after the court entered an order pursuant to subsection (b) of section 122-2.1 the State shall file an answer or a motion to dismiss the petition (725 ILCS 5/122-50 (West 2010), and a hearing should be held on the petition and answer or the motion. *Jackson*, 2015 IL App (3d) 130575, ¶ 18 (citing *Greer*, 341 Ill. App. 3d at 910). At the conclusion of the second-stage hearing, the court must determine whether the petition and any accompanying record documents make a substantial showing and whether a third-stage evidentiary hearing is warranted. *Johnson*, 2018 IL 122227, ¶ 15 (finding that the circuit court must determine whether the petition makes a substantial showing of a constitutional violation); *People v. Johnson*, 154 Ill. 2d 227, 246 (1993)

(explaining that it is the duty of the trial court to determine whether the postconviction claims require an evidentiary hearing).

¶ 43    When the circuit court granted appointed counsel's motion to withdraw, but the State had not filed an answer or a motion to dismiss and the circuit court had not made a specific finding that petitioner's petition lacked merit, the court still had to decide whether petitioner's constitutional rights had been violated. Thus, since petitioner's petition was still pending, the court, under the Act, had to hold a hearing on petitioner's postconviction petition. See 725 ILCS 5/122-5 (West 2010) (court may in its discretion enter such orders regarding amendments and pleadings as shall be appropriate, just, and reasonable); *Johnson*, 2018 IL 122227, ¶ 17 (citing, *e.g.*, Albert E. Jenner Jr., *The Illinois Post-Conviction Hearing Act*, 9 F.R.D. 347, 357 (1949) ("The purpose of the Act was to provide a certain and adequate procedure by which persons incarcerated in Illinois penal institutions can obtain a hearing *** into the question of whether they were denied substantial constitutional rights in the proceedings ***."), and *People v. Pier*, 51 Ill. 2d 96, 98 (1972) (the Act "was designed to afford to the convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered")). Finally, we do not believe the circuit court allowed petitioner to engage retained counsel and continued postconviction proceedings for several years if the order granting appointed counsel's motion to withdraw was dispositive of the petition's merits.

¶ 44    Next, we address the State's argument that under *Thomas*, 2013 IL App (2d) 120646, once appointed counsel certified that he had complied with Rule 651(c) and was allowed to withdraw, petitioner no longer had a statutory right to counsel. We find the State's reliance on *Thomas* is misplaced.

¶ 45    In *Thomas*, the circuit court granted postconviction attorney's motion for leave to withdraw pursuant to *Greer* and later appointed a second counsel to represent the defendant. *Id.* ¶ 4. The second appointed counsel moved to withdraw, noting that the first appointed counsel had previously been permitted to withdraw pursuant to *Greer*, and he argued that the Act did not authorize a second court-appointed counsel. *Id.* Based on that argument, the circuit court permitted the second appointed counsel to withdraw. *Id.* The circuit court also granted the State's motion to dismiss. *Id.*

¶ 46    *Thomas* involved a second court-appointed counsel at the second stage of a postconviction proceeding. But a second statutory court appointed counsel is not permitted by the Act. 725 ILCS 5/122-4 (West 2010). If the petition proceeds to the second stage, an indigent defendant is entitled to one statutory appointed counsel, not two statutory appointed counsels. *Id*; *Tate*, 2012 IL 112214, ¶ 10.

¶ 47    In this case at the second stage, the court appointed one statutory postconviction counsel and permitted petitioner to retain his own counsel. Unlike the Thomas court, this court only made one statutory appointment at the second stage. Therefore, we agree with the appellate court that *Thomas* is inapposite (see 2021 IL App (2d) 200231, ¶ 72) and find that *Thomas* does not mandate reversal.

¶ 48    We also find that in postconviction proceedings the circuit court must first address petitioner's counsel's motion to withdraw. And if petitioner's counsel's motion to withdraw is granted, and if the State has filed a motion to dismiss and it is pending, the court must permit petitioner to respond *pro se* or through retained counsel. See 725 ILCS 5/122-1 *et seq.* (West 2010); *People v. Triplett*, 2022 IL App (3d) 200017, ¶ 18 (finding that because counsel was withdrawing, defendant required additional time to either prepare a response to the State's motion to dismiss or retain private counsel).

¶ 49    We hold that where the circuit court grants statutory appointed counsel's motion to withdraw pursuant to *Greer* (1) without making a specific finding that the postconviction petition lacks merit and (2) before the State files an answer or motion to dismiss the postconviction petition, the circuit court's withdrawal order is interlocutory because it has not made findings of fact or conclusions of law or a written decision regarding the merits of the *pro se* petition. *Cf.* 725 ILCS 5/122-2.1(a)(2) (West 2010) (At the conclusion of first-stage proceedings, if the court determines "the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment ***."). Therefore, without a final order, additional proceedings are required to determine the merits of the postconviction petition, and petitioner may proceed *pro se* or with retained counsel. See *id.* §§ 122-4, 122-5.

¶ 50                    C. The Act Provides for Reasonable Assistance of Counsel

¶ 51          It is well established there is no constitutional right to counsel in proceedings under the Act. *People v. Owens*, 139 Ill. 2d 351, 364-65 (1990). Rather, the right to counsel is derived solely from the Act, and therefore, defendants are guaranteed only the level of assistance provided for by the Act. *Johnson*, 2018 IL 122227, ¶ 16. A defendant who is represented by counsel in proceedings under the Act is entitled to a reasonable level of attorney assistance. *Id.* This is true whether the attorney is appointed or retained and whether the proceedings are at the first, second, or third stage. *Id.* ¶¶ 16, 18; *People v. Cotto*, 2016 IL 119006, ¶ 32 (determining that this court has never held that the reasonable assistance standard is inapplicable to a postconviction petitioner who retained private counsel because the standard applies to both appointed and retained counsel).

¶ 52                       D. Rule 651(c) Delineates the Duties Attorneys
                         Must Perform to Establish Reasonable Assistance

¶ 53          To insure that postconviction petitioners receive a reasonable level of assistance, Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) provides:

> "The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

¶ 54          Rule 651(c) limits the duties postconviction counsel must undertake at the second stage of proceedings. It requires counsel "to certify that they have 'consulted with the petitioner by phone, mail, electronic means[,] or in person,' 'examined the record' as needed to shape the petitioner's *pro se* claims, and 'made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation' of those claims." *People v. Custer*, 2019 IL 123339, ¶ 32 (quoting Ill. S. Ct. R. 651(c) (eff. July 1, 2017)). Counsel's certification that he or she complied with those duties creates a rebuttable presumption that counsel provided the

petitioner with a reasonable level of assistance, absent an affirmative showing in the record. *Id.*; *Cotto*, 2016 IL 119006, ¶ 31 (finding that this court has broadly rejected any distinction between appointed and retained counsel for purposes of Rule 651(c)).

¶ 55                    E. Petitioner Had a Right to Reasonable Assistance
                                    From Retained Counsel

¶ 56        We now turn to the State's contention that petitioner was not entitled to reasonable assistance from retained postconviction counsel because the Act does not provide for successive attorneys. We observe that at the first stage a petitioner has no statutory right to appointed counsel, as the right to appointed counsel attaches at the second stage. 725 ILCS 5/122-4 (West 2010). We agree with the appellate court's reliance on *Johnson*, 2018 IL 122227, which determined that a petitioner is entitled to reasonable assistance even when he lacks the statutory right to appointed counsel. 2021 IL App (2d) 200231, ¶ 75. In *Johnson*, this court held that a defendant who retains an attorney at the first stage of proceedings under the Act is entitled to reasonable assistance—though not necessarily to the protections of Rule 651(c) (which are germane to second-stage proceedings)—from his retained attorney. *Johnson*, 2018 IL 122227, ¶ 18. This court continued that it would be absurd to say the legislature did not intend for privately retained counsel to provide a reasonable level of assistance and, were we to hold that the Act imposes no standard of representation, meritorious claims could be lost. *Id.* This court noted that this is not what the General Assembly intended. *Id.* In addition, the Act, which applies to all postconviction petitions, requires postconviction counsel to provide a reasonable level of assistance to a defendant, including privately retained attorneys. 725 ILCS 5/122-1(b), 122-4 (West 2010); *People v. Turner*, 187 Ill. 2d 406, 410 (1999) (without qualification determining that the Act and Rule 651 together ensure that postconviction petitioners in this state receive a reasonable level of assistance by counsel in postconviction proceedings (citing *Owens*, 139 Ill. 2d at 364)); *Cotto*, 2016 IL 119006, ¶ 41 (determining that this court has treated the reasonable level of assistance standard as generally applying to all postconviction petitioners without reference to Rule 651(c) and without distinguishing between retained or appointed counsel).

¶ 57 The State attempts to distinguish *Johnson*, 2018 IL 122227, and *Cotto*, 2016 IL 119006, as inapplicable because the petitioners' retained attorneys were the only postconviction counsel. We find this to be a distinction without a difference, as we have already explained that this court has found that the Act requires that postconviction counsel must provide reasonable assistance. 725 ILCS 5/122-4 (West 2010); Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *Owens*, 139 Ill. 2d at 361. Indeed, this court has long held that, at all stages of postconviction proceedings, defendants are entitled to a reasonable level of attorney assistance. *People v. Smith*, 2022 IL 126940, ¶¶ 8, 38 (finding that, where appointed postconviction counsel who filed a Rule 651(c) certificate resigned, subsequently appointed postconviction counsel need not file a Rule 651(c) certificate but must provide reasonable assistance in responding to the State's motion to dismiss); *Johnson*, 2018 IL 122227, ¶ 16 (finding that, at the second and third stages of postconviction proceedings, defendants are entitled to a reasonable level of assistance (citing *Owens*, 139 Ill. 2d at 358-59)); *People v. Perkins*, 229 Ill. 2d 34, 42 (2007) (finding that the Act provides for a reasonable level of assistance); *Turner*, 187 Ill. 2d at 410 (same). We can discern no reason why this standard should not be applied in this case. See *Johnson*, 2018 IL 122227, ¶ 18 (finding that, if this court were to hold that the Act imposes no standard of representation, meritorious claims could be lost). Therefore, we hold that during postconviction proceedings petitioner is entitled to reasonable assistance from retained counsel.

¶ 58                                 F. Retained Counsel's Failure to Amend the
                                          *Pro Se* Petition or the Unnotarized
                                    Affidavit Rebutted the Rule 651(c) Certificate's
                                          Presumption of Reasonable Assistance

¶ 59 The State maintains that petitioner was not entitled to but did receive reasonable assistance from retained counsel. Petitioner disagrees and maintains that his retained attorney did not adequately represent him pursuant to Rule 651(c). After retained counsel informed the court that he would not be amending the *pro se* petition, counsel elected to adopt the petition and filed his Rule 651(c) certificate. By failing to withdraw and by adopting the *pro se* petition, retained counsel was required by Rule 651(c) to make amendments to the *pro se* petition that were necessary for an adequate presentation of petitioner's actual-innocence claim. See

- 17 -

Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013) (counsel "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions").

¶ 60    It should be noted that section 122-2 prescribes the contents of petitions and provides that a petition shall have attached thereto affidavits, records, or other evidence in support of its allegations. 725 ILCS 5/122-2 (West 2010). Because retained counsel did not withdraw from the proceedings and adopted petitioner's verified *pro se* petition, he was required to comply with section 122-2 of the Act. See *id.* § 122-1(b). Retained counsel (1) failed to withdraw Spires's unnotarized statement; (2) failed to amend the verified *pro se* petition by attaching affidavits, records, or other evidence; and (3) failed to realize that amendments to the verified *pro se* petition were necessary for an adequate presentation of petitioner's actual-innocence claim. Petitioner maintains that retained counsel's failure to amend his *pro se* petition rebuts the presumption of reasonable assistance and establishes that counsel did not provide him with a reasonable level of assistance. We agree.

¶ 61    In order to succeed on a claim of actual innocence, a defendant must present new, material, noncumulative evidence that is of such conclusive character that it would probably change the result on retrial. *People v. Coleman*, 2013 IL 113307, ¶ 96. Petitioner submitted, with his *pro se* petition, Spires's unnotarized statement in support of his actual-innocence claim. Though the statement was styled as an "affidavit," it was not. An affidavit is a statement sworn to before a person who has authority under the law to administer oaths. *People v. Allen*, 2015 IL 113135, ¶ 31. In *Allen*, this court explained that, where postconviction counsel is unable to remedy the lack of notarization of an attached statement, the State may challenge this defect at second-stage proceedings and the postconviction court may disregard the statement and dismiss the petition if it is not otherwise supported by a notarized affidavit. *Id.* ¶ 35. This court explained that, where postconviction counsel is unable to remedy the lack of notarization of an attached statement, dismissal at the second stage is appropriate. *Id.* ¶ 38. Therefore, under the particular circumstances of this case, wherein a claim of actual innocence is supported only by Spires's unnotarized statement, an unnotarized statement made under penalty of perjury as set forth in section 1-109 of the Code (735 ILCS 5/1-109 (West 2010)) is insufficient to survive a second-stage motion to dismiss.

¶ 62    Generally, with the filing of a Rule 651(c) certificate, there is a presumption that postconviction counsel has complied with the duties prescribed by Rule 651(c) and made any amendments to the *pro se* petition that are necessary for an adequate presentation of petitioner's contentions. See Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *Johnson*, 154 Ill. 2d at 241. In *People v. Waldrop*, 353 Ill. App. 3d 244, 250 (2004), the appellate court observed:

> " 'In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so.' *Johnson*, 154 Ill. 2d at 241. However, in this case, that presumption is flatly contradicted by the record. Postconviction counsel mistakenly believed that he did not have a duty to seek an affidavit from the witness specifically identified in defendant's *pro se* petition. Therefore, we must conclude that postconviction counsel's representation fell below a reasonable level of assistance and that counsel did not adequately comply with Rule 651(c)."

¶ 63    Similarly, in the case at bar, the record establishes that retained counsel believed that Spires's unnotarized statement, verified by certification pursuant to section 1-109 of the Code and attached to the postconviction petition, was sufficient to advance the petition and survive a second-stage dismissal. See 735 ILCS 5/1-109 (West 2020). Indeed, he argued petitioner was not required to have the "affidavit" notarized because it was a factual question to be resolved at a third-stage evidentiary hearing. Counsel's argument was wrong.

¶ 64    Retained counsel's Rule 651(c) certificate of reasonable assistance would have stood unrebutted (1) if counsel had withdrawn from the case and (2) if counsel had not adopted the *pro se* petition. But retained counsel's failure to amend the petition or the attached unnotarized statement and counsel's misstatement of the Act's affidavit requirements during argument on the State's motion to dismiss clearly rebutted retained counsel's Rule 651(c) certificate's presumption of reasonable assistance. See *Custer*, 2019 IL 123339, ¶ 32; see also *Perkins*, 229 Ill. 2d at 52 (reasoning that an attorney's Rule 651(c) certificate is not conclusive of compliance and can be rebutted); *People v. Williams*, 186 Ill. 2d 55, 60 (1999) (finding that

Rule 651(c) requires counsel to provide a reasonable level of assistance in postconviction proceedings).

¶ 65    Therefore, we hold that retained counsel's failure to amend the *pro se* petition, after failing to withdraw and adopting it, rebuts the presumption of reasonable assistance that attaches once retained counsel files a Rule 651(c) certificate of compliance. See Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *Turner*, 187 Ill. 2d at 413.

¶ 66                              G. The State's Forfeiture

¶ 67    The State argues for the first time in this court that petitioner was required to show prejudice when he argued he received unreasonable assistance of retained counsel. We find that the State failed to raise the prejudice issue in its petition for leave to appeal and it is, therefore, forfeited. See *People v. Williams*, 235 Ill. 2d 286, 298 (2009). In an attempt to avoid forfeiture, the State relies on the rule that when

> " 'the trial court is reversed by the Appellate Court and the appellee in that court brings the case here for further review, he may raise any question properly presented by the record to sustain the judgment of the trial court, even though those questions were not raised or argued in the Appellate Court.' " *People v. Schott*, 145 Ill. 2d 188, 201 (1991) (quoting *Mueller v. Elm Park Hotel Co.*, 391 Ill. 391, 399 (1945)).

We also find that, at the time appointed counsel was permitted to withdraw, the State had not filed an answer or a motion to dismiss petitioner's petition and, because the State had not filed a motion to dismiss, the circuit court did not make a decision on the merits of the petition. Therefore, we will not excuse the State's failure to raise this issue in its petition for leave to appeal. *People v. Artis*, 232 Ill. 2d 156, 178 (2009) (determining that the rules of forfeiture in criminal proceedings are applicable to the State as well as the defendant); *People v. Williams*, 193 Ill. 2d 306, 348 (2000) (same). Accordingly, we decline to excuse the State's forfeiture.

¶ 68                                    III. CONCLUSION

¶ 69        In sum, we find the circuit court's decision to grant appointed counsel's motion
to withdraw was not a decision on the merits of petitioner's *pro se* petition. We also
find that retained counsel's Rule 651(c) certificate's presumption of reasonable
assistance was rebutted when retained counsel (1) failed to withdraw and, (2) after
adopting the *pro se* petition, failed to make amendments to the petition (by
supplementing the petition with Spires's notarized affidavit, with other affidavits,
or with records or other evidence) for an adequate presentation of petitioner's
contentions. We hold that postconviction petitioners, under the Act, have a right to
reasonable assistance of counsel. Accordingly, we affirm the appellate court's
judgment reversing the circuit court's judgment of dismissal, we reverse the
appellate court's judgment directing the circuit court to appoint new counsel
because the circuit court can only make one statutory appointment, and we remand
the cause to the circuit court with directions that petitioner be allowed to respond
to the State's motion to dismiss.


¶ 70        Appellate court judgment affirmed in part and reversed in part.

¶ 71        Circuit court judgment reversed.

¶ 72        Cause remanded with directions.


¶ 73        CHIEF JUSTICE THEIS, dissenting:

¶ 74        The majority holds that (1) the trial court did not rule on the merits of the
postconviction petition when it granted appointed counsel's motion to withdraw;
(2) postconviction petitioners are entitled to reasonable assistance of counsel under
the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010));
and (3) the presumption of reasonableness that attached when retained counsel filed
a certificate under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) was
rebutted by retained counsel's (i) failure to withdraw from the proceedings,
(ii) adoption of the *pro se* petition, and (iii) failure to supplement the *pro se* petition
with an affidavit. I agree with the first two holdings. My review of the record,
however, shows that the Rule 651(c) presumption was not rebutted and that retained

- 21 -

counsel rendered reasonable assistance to the petitioner. Accordingly, I dissent from that portion of the majority's opinion.

¶ 75        Presumably relying on *People v. Greer*, 212 Ill. 2d 192 (2004), the majority repeatedly suggests that retained counsel had to withdraw from the proceedings. See *supra* ¶¶ 60, 64-65. Read correctly, however, *Greer* does not support the majority's claim that retained counsel was required to withdraw.

¶ 76        In *Greer*, the trial court did not review the defendant's postconviction petition within 90 days of filing. *Greer*, 212 Ill. 2d at 194-95. Therefore, as the Act requires, the trial court advanced the petition to the second stage and appointed counsel to represent the defendant. *Id.* at 195. Appointed postconviction counsel ultimately filed a motion to withdraw. After outlining his investigative efforts on the defendant's behalf, counsel concluded that the defendant's claims lacked merit and that no meritorious claims could be raised. *Id.* The issue before the supreme court was whether the Act permits postconviction counsel to withdraw under such circumstances. *Id.* at 195-96.

¶ 77        This court explained that postconviction counsel was not required to continue representing a defendant after counsel determined that the defendant's petition was "frivolous and patently without merit." *Id.* at 209. We emphasized that counsel's inability "to 'properly substantiate' a defendant's claims [was] not the standard by which counsel should judge the viability of a defendant's postconviction claims" and that "an attorney moving to withdraw should make some effort to explain why the defendant's claims are frivolous or patently without merit." (Emphases omitted.) *Id.* at 211-12. Nonetheless, this court found that the attorney in that case had fulfilled his duties under Rule 651(c) and that the record supported postconviction counsel's determination that the claims were meritless. *Id.* at 212. Therefore, we ruled that the trial court correctly permitted counsel to withdraw. *Id.*

¶ 78        Thus, under *Greer*, an attorney who concludes that the claims in a postconviction petition are frivolous should withdraw from the case. *Id.* at 206-07. *Greer* does not, however, compel counsel to withdraw from the proceedings whenever a defendant's claim seems weak. See *People v. Downs*, 2017 IL App (2d) 121156-C, ¶ 50 (observing that "counsel's obligation to represent the defendant requires him or her to present any nonfrivolous claim to the trial court even where

there remains a possibility or even likelihood that the defendant will not prevail on the claim").

¶ 79    Here, unlike in *Greer*, the majority does not point to any evidence showing that retained counsel concluded that the claims were patently without merit. And I cannot see why this court would fault retained counsel for continuing to represent petitioner on claims that counsel evidently thought were nonfrivolous. See *Pelham v. Griesheimer*, 92 Ill. 2d 13, 22-23 (1982) ("Our code of professional responsibility requires that a lawyer represent his client with undivided fidelity, and *** a lawyer should represent a client zealously within the boundaries of the law [citation].").

¶ 80    The majority's suggestion that retained counsel should have abandoned his client conflicts with the purpose behind Rule 651(c), which is to ensure that a postconviction petitioner receives the reasonable assistance required by the Act. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Although the "reasonable assistance" standard in postconviction proceedings "is significantly lower than the one mandated at trial by our state and federal constitutions" (*People v. Custer*, 2019 IL 123339, ¶ 30), Rule 651(c) remains a protection for the postconviction petitioner. The majority's claim that retained counsel should have walked away from this case undercuts the protection that the rule was meant to provide.

¶ 81    The majority next faults retained counsel for adopting the *pro se* petition. Yet, this court has never held that adopting a *pro se* petition necessarily amounts to unreasonable assistance. Indeed, in *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991), we stated that "there is no requirement that post-conviction counsel *must* amend a defendant's *pro se* petition." (Emphasis in original.) See also *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006) (observing that counsel's duties under Rule 651(c) include "amendment of the petition, if necessary, to ensure that defendant's contentions are adequately presented"). Counsel's decision not to amend the postconviction petition does not, by itself, show that he provided unreasonable assistance.

¶ 82    The majority also challenges retained counsel's conduct as it related to the "affidavit" from Markus Spires in support of petitioner's actual innocence claim. First, although the majority claims that retained counsel believed it was unnecessary to obtain an affidavit (see *supra* ¶ 63) the record shows otherwise.

¶ 83    At a status hearing in April 2018, retained counsel stated that he and cocounsel had "discovered some new issues that caused us a little bit of concern," and he requested additional time to file an amended postconviction petition. During a status hearing in July 2019, retained counsel stated that he and cocounsel were making efforts to "work this out through the authorities" that petitioner had provided. Retained counsel stated that, if he could not "amend the petition *and get an affidavit* by" the next hearing (emphasis added), he would ask the court to schedule a hearing on the State's pending motion to dismiss. At the next hearing, several months later, retained counsel asserted that although he had "done a pretty lengthy investigation" he could not amend the petition and would adopt the pleadings already on file. These statements demonstrate that counsel understood the requirements of the Act.

¶ 84    The majority similarly criticizes retained counsel for his inability to obtain an affidavit from Spires. This criticism is unwarranted. In *People v. Johnson*, 154 Ill. 2d 227, 241 (1993), we observed that

    "[i]n the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so."

Based on this record and consistent with our observation in *Johnson*, I would adhere to the presumption that retained counsel attempted to obtain an affidavit but that his efforts were unsuccessful.

¶ 85    Further, although retained counsel did not supplement the postconviction petition with an affidavit, he raised a spirited defense of petitioner's claims at the hearing on the State's motion to dismiss the petition. The majority highlights retained counsel's statement that he "put 30 seconds in looking for Markus Spires," and it suggests that retained counsel's search was inadequate. Any such suggestion wholly mischaracterizes the record in this case.

¶ 86    At the hearing on the State's motion to dismiss, the State reminded the trial court that appointed counsel had earlier moved to withdraw and "also laid out a lot of contentions as to why he felt he did not have a basis to go forward on the claims

advanced by the defendant." The State then adopted the arguments that appointed counsel had made in his motion to withdraw.

¶ 87    In response to the State's argument, retained counsel asserted that, after he "put 30 seconds in looking for Markus Spires," he found a police release showing that someone with the name Markus Spires who was "about the same age as the defendant and witnesses in this case" had been arrested in 2016. Retained counsel claimed that the police release demonstrated that "somebody by this name with a criminal record *** not only exists, he exists within an hour drive of the scene of the shooting." Because he was able to find the name in "30 seconds," retained counsel argued that appointed counsel had not conducted "a very thorough investigation."

¶ 88    Also at that hearing, citing section 122-2 of the Act (725 ILCS 5/122-2 (West 2016)), retained counsel argued that defendant was not required to produce an affidavit from Spires. Retained counsel observed that Spires's statement had been certified under section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2016)), and he argued that it constituted "other evidence" supporting the petition's allegations within the meaning of section 122-2. See 725 ILCS 5/122-2 (West 2016) ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."). Retained counsel contended that defendant presented enough evidence to survive dismissal and that the case should be advanced for a factual hearing.

¶ 89    Whether one agrees with retained counsel's arguments or whether they were likely to prevail is not the relevant question. Rather, the question is whether retained counsel provided reasonable assistance under the Act. Here, retained counsel complied with Rule 651(c), which this court has described as "the gold standard for postconviction duties" (*Custer*, 2019 IL 123339, ¶ 38), and he mounted what was presumably the best defense available in opposing the State's motion to dismiss the postconviction petition. Therefore, I would find that retained counsel provided reasonable assistance. See *id.* (noting that Rule 651(c) "requires only that postconviction counsel certify having undertaken the limited actions prescribed" by the rule).

¶ 90    In this case, retained counsel chose to stand with his client rather than withdraw from the proceedings. The majority nonetheless finds that his efforts amounted to

unreasonable assistance. I am concerned with how this holding will impact attorneys who are appointed to represent incarcerated petitioners who attempt to assert their constitutional rights in postconviction proceedings. If a court dismisses the petitioner's claims, will the postconviction lawyer automatically be found to have provided unreasonable assistance? Will lawyers now routinely move to withdraw to avoid that finding? And, ultimately, where does this holding leave Mr. Urzua except alone and unrepresented?

¶ 91        The trial court granted the State's motion to dismiss the postconviction petition on various grounds. Because retained counsel provided reasonable assistance, I would reverse the appellate court's decision and would affirm the trial court's decision.

¶ 92        JUSTICES OVERSTREET and HOLDER WHITE join in this dissent.