2025 IL App (2d) 240293-U
No. 2-24-0293
Order filed May 20, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-963 |
| DURELLE HALL, | ) ) | Honorable Tiffany E. Davis, |
| Petitioner-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Jorgenson concurred in the judgment.

**ORDER**

¶ 1   *Held*: Postconviction counsel failed to comply with the requirements of Supreme Court Rule 651(c) where he did not amend petitioner's *pro se* petition to adequately plead a lack of culpable negligence to excuse her late filing. Vacated and remanded.

¶ 2   Petitioner, Durelle Hall, appeals from the dismissal of her postconviction petition at the second stage of proceedings. She contends that the trial court should not have dismissed the petition and that postconviction counsel did not give her reasonable assistance because, *inter alia*, he did not include key information to establish that she was not culpably negligent for the late filing, which caused those claims to be dismissed. The State argues there was no prejudice to

petitioner. We agree with petitioner that counsel provided unreasonable assistance and that prejudice is not required. Therefore, we vacate and remand.

¶ 3                                    I. BACKGROUND

¶ 4      In 2017, a jury found petitioner guilty of drug-induced homicide (720 ILCS 570/401 (West 2014) for the 2015 overdose death of Chelsie Kumm. The trial court sentenced petitioner to 14-years imprisonment. We affirmed her conviction and sentence. *People v. Hall*, 2020 IL App (2d) 170723-U, *pet. for leave to appeal denied*, *People v. Hall*, No. 126195 (Ill. Sept. 30, 2020).

¶ 5      On December 13, 2021, petitioner filed a *pro se* postconviction petition where she alleged that she was actually innocent, trial counsel was ineffective, and she was denied both a fair prosecution and due process. Regarding her claim of actual innocence, petitioner maintained that she did not commit the crime because she did not possess or deliver heroin; rather she used and sold cocaine. Petitioner supported this claim with two affidavits that she characterized as newly discovered evidence. Paula Bickauskas averred that she used to be addicted to heroin and "crack" cocaine, petitioner supplied her with crack and weed, but she went to others for heroin. Petitioner's sister, Michelle Cappello averred that she asked petitioner for heroin, but petitioner only gave her crack because petitioner did not sell heroin.

¶ 6      Petitioner alleged that trial counsel was ineffective by, *inter alia*, failing to investigate her innocence and alibi, failing to call an expert, failing to adequately prepare for trial, and ordering petitioner not to testify. As to petitioner's remaining claims, she alleged that a hypodermic needle was neither preserved nor tested, that the police rushed to judgment, that there were no fingerprints, that no one saw her deliver heroin to the Kumm, and that there was no physical evidence that she had contact with Kumm.

¶ 7      In February 2022 the trial court advanced petitioner's *pro se* petition to the second stage

and appointed postconviction counsel. In March 2022 the State filed a motion to dismiss. It argued, *inter alia*, that petitioner's *pro se* petition was untimely and that petitioner failed to allege that the delay was not due to her culpable negligence.

¶ 8    On August 24, 2023, postconviction counsel filed a "supplemental petition" that incorporated the claims contained in petitioner's *pro se* petition. The supplemental petition also expounded on the petitioner's claims of actual innocence and ineffective assistance of counsel. It further added that counsel failed to request a lesser-included offense instruction on unlawful delivery of a controlled substance. The supplemental petition did not acknowledge the untimeliness of the petitions and did not allege any facts regarding petitioner's lack of culpable negligence.

¶ 9    Postconviction counsel filed a certificate of compliance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), wherein counsel averred that he had consulted with petitioner to ascertain her contentions of deprivations of constitutional rights, that counsel "examined the record of proceedings at trial to determine if any amendments are necessary *** [a]nd ha[d] adopted the *pro se* filing along with filing a supplemental petition." Notably, counsel did not state that he had made any amendments to petitioner's *pro se* petition necessary to adequately present her claims.

¶ 10    In November 2023 the State filed a second motion to dismiss that incorporated its previous motion. The State argued, *inter alia*, that the *pro se* petition was untimely and did not allege facts to excuse her delay. pursuant to section 122-1(c) of The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(c) (West 2020)). The State set forth the relevant dates, maintained that the *pro se* petition was filed almost six months after the statutory deadline, and asserted that the supplemental petition failed to explain the tardiness. The State also argued that petitioner's claims were forfeited because they could have been raised on direct appeal and the claims were without merit.

¶ 11 In December 2023 postconviction counsel filed a response to the State's motion to dismiss. As to timeliness, counsel wrote:

"Illinois Court[s] have held that claims of actual innocence have been held to have relaxed rules and timelines with regard to Post-Conviction filings. *People v. Edwards*, 2012, 111711 (2012), 24 [*sic*] (discussing the filing of successive Petitions for Post-Conviction Relief counter to the intention of the law). In this case, the Petitioner's conviction was upheld by the Appellate Court and her Petition for Leave to Appeal was denied in the middle of the Covid Pandemic. During that time, the Illinois Supreme Court waived countless timelines and the [S]tate required vast lockdowns of facilities which restricted communication in and out of [S]tate facilities. These restrictions and waivers should extend the timeline to file the Post-Conviction [petition] and no further assessment pursuant to 725 ILCS 5/122-1(c) is needed. ***

* * *

However, if this court finds that the Petition and Supplemental Petition for Postconviction Relief is deficient or has waived any claims, this court should give the Petitioner leave to file an Amended Supplemental Petition to remedy these deficiencies. See *People v. Cruz*, 2013 IL 113399 (2013), 23-24 [*sic*] (discussing the filing of a Supplemental Petition to remedy a procedural issue, here untimeliness of the filing, raised in the State's Motion to Dismiss.)"

¶ 12 On April 4, 2024, the trial court granted the State's motion to dismiss. The court found that petitioner's *pro se* petition was untimely and no rationale was given for its tardiness besides the COVID pandemic, which the court rejected. The court reasoned that neither the *pro se* petition nor the supplemental petition "made an effort to acknowledge the tardiness of the petition[s] to excuse

lack of culpable negligence as required by Section 122-1(c)."

¶ 13    Regarding petitioner's claim of actual innocence, the trial court found that the claim was not well pled, the affidavits did not contain newly discovered evidence, and petitioner failed to present any evidence that was of such a conclusive character that it would probably change the result on retrial. The court also determined that petitioner's ineffective assistance claims were not well pled, were refuted by the record, and were barred by *res judicata* and waiver.

¶ 14    Petitioner timely appealed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, petitioner argues that postconviction counsel provided an unreasonable level of assistance because counsel failed to amend her *pro se* petition to adequately support and establish that petitioner was not culpably negligent in filing her untimely petition. Petitioner urges us to reverse the trial court's dismissal of her postconviction petition. We review *de novo* a trial court's dismissal of a postconviction petition at the second stage. *People v. Addison*, 2023 IL 127119, ¶ 17. Additionally, our review is *de novo* when the issue concerns the proper interpretation of a supreme court rule. See *id.*

¶ 17    The Act provides a three-stage process for a petitioner to allege his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Huff*, 2024 IL 128492, ¶ 19. At the first stage, the court independently assesses a *pro se* petition and may dismiss it only if the court determines that it is frivolous or patently without merit. *Id.;* see also 725 ILCS 5/122-2.1 (West 2020). If the trial court does not dismiss the petition or fails to rule upon it within 90 days of its filing, the petition advances to the second stage where the court may appoint counsel for indigent defendants. *Huff*, 2024 IL 128492, ¶ 19. The State may move to dismiss the petition. *Id.* If the allegations in the petition, supported by "affidavits, records, or other

evidence" make a substantial showing of a deprivation of constitutional rights, the petition will advance to a third stage for an evidentiary hearing. *Id.*

¶ 18    In a postconviction proceeding, there is no constitutional right to counsel. *People v. Urzua*, 2023 IL 127789, ¶ 51. However, indigent defendants have a statutory right to counsel in second-stage postconviction proceedings. 725 ILCS 5/122-4 (West 2020). "Counsel is appointed not to protect postconviction petitioners from the prosecutorial forces of the State but to shape their complaints into the proper legal form and to present those complaints to the court." *Addison*, 2023 IL 127119, ¶ 19.

¶ 19    A postconviction petitioner is entitled only to the level of assistance granted by the Act, which the supreme court has labeled as a "reasonable" level of assistance. *Id.* The reasonable level of assistance includes compliance with Rule 651(c). *People v. Custer*, 2019 IL 123339, ¶ 32; *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Rule 651(c) requires that postconviction counsel (1) consult with the petitioner to ascertain his contentions of deprivation of constitutional rights, (2) examine the trial record, and (3) make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the] petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 20    If a postconviction petition is not filed within the limitations period, the Act requires the petitioner to allege facts showing the delay was not due to his or her culpable negligence. 725 ILCS 5/122-1(c) (West 2020). Absent allegations of lack of culpable negligence, the Act directs the trial court to dismiss the petition as untimely at the second stage upon the State's motion. *Id.* (no postconviction proceedings shall be commenced outside the time limitations period in the Act "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence").

¶ 21     To comply with Rule 651(c) at the second stage of proceedings, counsel must provide the reasons why the petition was filed late to establish lack of culpable negligence, thereby precluding the dismissal of the petition as untimely. *Perkins*, 229 Ill. 2d at 44. Therefore, counsel must amend the petition to allege any available facts showing that the delay in filing was not due to the defendant's culpable negligence. *Id.* at 48, 50. Counsel must also allege any reason for the delay apparent from the pleadings and record. *Id.*

¶ 22     The culpable negligence standard contemplates something greater than ordinary negligence and is akin to recklessness. *People v. Lighthart*, 2023 IL 128398, ¶ 73; *People v. Johnson*, 2017 IL 120310, ¶ 26. To establish a lack of culpable negligence, a petitioner must present allegations of specific facts showing why his tardiness should be excused while vague or conclusory assertions will not suffice. *People v. Evans*, 2017 IL App (1st) 143268, ¶ 26. The petitioner bears a heavy burden to affirmatively demonstrate why the exception to the time limits of the Act is applicable to his case. *People v. Kirilyuk*, 2024 IL App (2d) 230154, ¶ 33.

¶ 23     Postconviction counsel's filing of a Rule 651(c) certificate of compliance creates a *rebuttable* presumption of reasonable assistance. *Addison*, 2023 IL 127119, ¶ 21. A petitioner may overcome the presumption by, *inter alia*, demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition, including those necessary to overcome procedural bars. *Id.*

¶ 24     We review a counsel's substantial compliance with Rule 651(c)'s requirements *de novo*. *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13. If counsel failed to substantially comply with Rule 651(c), we must remand without addressing the petition's claims on the merits. *People v. Addison*, 2023 IL 127119, ¶ 33.

¶ 25     Here, petitioner has rebutted any presumption that postconviction counsel provided

reasonable assistance. In her *pro se* petition, petitioner failed to address the untimeliness of her petition. When the State filed its motion to dismiss it argued that petitioner's petition was untimely. However, postconviction counsel did not thereafter amend the petition in response to the State's timeliness argument. Indeed, counsel failed to even acknowledge the untimeliness issue in his supplemental petition and failed to allege sufficient facts that showed lack of culpable negligence to justify the late filing of the petition. Instead, counsel waited until he filed a response to the State's second motion to dismiss based on untimeliness to argue that petitioner's petition for leave to appeal was denied during the COVID pandemic. Counsel maintained that the Illinois Supreme Court waived timelines during the pandemic and the State required vast lockdowns that restricted communication in and out of facilities. Counsel's vague and conclusory allegations were grossly insufficient.

¶ 26 To establish lack of culpable negligence, counsel was required to allege specific facts showing why petitioner's tardiness should be excused. See *Evans*, 2017 IL App (1st) 143268, ¶ 26. Rule 651(c) requires counsel to amend petitioner's petition "to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence." *Perkins*, 229 Ill. 2d at 49. Here, counsel failed to support his argument with, *inter alia*, specific dates of pandemic-era lockdowns, how such lockdowns hindered petitioner's progress on her petition, or how petitioner made diligent attempts to prepare her petition despite COVID lockdowns. Further, postconviction counsel failed to attach any supporting documentation or evidence to support his allegations. See 725 ILCS 5/122-2 (West 2020) ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."). Therefore, we hold that postconviction counsel failed to provide reasonable assistance. See *Urzua*, 2023 IL 127789, ¶ 51.

¶ 27 Citing *Perkins*, the State argues that counsel provided reasonable assistance because counsel argued that the COVID pandemic justified petitioner's late filing. In *Perkins*, the supreme court held that "[a]n adequate or proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars, including timeliness, that will result in dismissal of a petition if not rebutted." *Perkins*, 229 Ill. 2d at 44. In applying this principle to the case at hand, the *Perkins* court noted that the State had raised timeliness in its motion to dismiss, so counsel was fully aware of it, although counsel did not amend the petition. Instead, at the hearing, counsel "in effect argued the delay was not due to [defendant's] culpable negligence," yet the *Perkins* court observed that argument was not particularly compelling. *Id.* at 51. The *Perkins* court concluded the oral argument did not demonstrate there was some other excuse counsel could have raised for the delay in filing, noting there was "nothing in the record to indicate that [petitioner] had any other excuse showing the delay in filing was not due to his culpable negligence." *Id.*

¶ 28 Here, unlike *Perkins*, petitioner had a potentially valid excuse for her delay, but counsel failed to adequately allege specific facts or attached any supporting documents. Therefore, *Perkins* is not controlling here.

¶ 29 We conclude that this cause should be remanded to the circuit court for the appointment of new postconviction counsel, who will then have the opportunity to file an amended petition along with any supporting documentation or evidence or an explanation as to its unavailability. 725 ILCS 5/122-2 (West 2020).

¶ 30                                  III. CONCLUSION

¶ 31 For the foregoing reasons, we vacate the judgment of the circuit court of McHenry County and remand the case for further proceedings consistent with this disposition.

¶ 32    Vacated and remanded.