2023 IL App (1st) 220841-U
No. 1-22-0841

FIRST DIVISION
October 10, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16 CR 9001 |
| | ) | |
| A.O.N, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Mark W. Martin, |
| | ) | Judge Presiding. |

JUSTICE Pucinski delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court's second-stage dismissal of defendant's postconviction petition is affirmed where postconviction counsel provided reasonable assistance at second stage of postconviction proceedings when counsel filed a facially valid Rule 651(c) certificate, and defendant did not overcome the presumption of reasonable assistance when he did not demonstrate his attorney failed to substantially comply with the duties mandated by Rule 651(c)

¶ 2                              BACKGROUND

¶ 3    Defendant, A.O.N., was charged by indictment with two counts of aggravated criminal sexual assault, eighteen counts of criminal sexual assault, and six counts of aggravated criminal sexual

abuse committed against 14-year-old A.A. Following a Rule 402 conference, defendant pled guilty to one count of aggravated criminal sexual assault, in that he knowingly committed an act of sexual penetration upon A.A., by the use of force or threat of force, causing bodily harm, to wit: pain and bleeding. 720 ILCS 5/11-1.30(a)(2) (West 1992). At that time, the State presented the following offer of proof:

> "If this matter proceeded to trial, the State would have produced the following evidence proving the following beyond a reasonable doubt. Your honor, the State would have called the minor child. A.A. She would have testified that between the dates of April 1, 2016 and May the 6th of 2016, she was 14 years old. She was living at…County of Cook, State of Illinois. Also living there, among others, was the defendant who she would be able to identify in open court. Defendant was above the age of 18."

> "Defendant was related to her and was her half uncle. A.A. would have testified that another person living there was her mother and her mother would work Friday nights during the late shift."

> "She would testify prior to the time period of April 1, 2016 and May 6th of 2016, the defendant had had non-consensual sexual encounter with her. In early April of 2016 during one of the Friday nights when her mother was working, the defendant approached her and without her consent and through the use or threat of force, he inserted his penis into the minor child victim A.A.'s vagina."

> "She told him to stop and he did not listen and continued the penetration. Eventually, the defendant ejaculated. The defendant then told the victim that he was only trying to teach her what she needed to learn to be a grown woman."

"The victim then ran to the bathroom and saw that she was bleeding. She cried out to the defendant about the blood. The defendant said that it was just normal. After several other but similar encounters, on May 13th of 2016, the victim made an outcry to a family friend."

¶ 4       On January 12, 2018, the trial court sentenced him to 14 years' imprisonment in the Illinois Department of Corrections. Defendant did not file a motion to withdraw his plea or challenge his plea on direct appeal.

¶ 5       On August 26, 2020, defendant mailed a *pro se* postconviction petition, alleging that his trial counsel was ineffective for (1) pressuring defendant to accept a plea agreement which conflicted with the evidence and the law because the victim did not suffer any bodily harm and he was not related to the victim; (2) his plea was involuntary due to his self-asserted ignorance as shown by his low "TABE" score; and (3) failing to properly investigate evidence such as emails, text messages, and photos, which would have shown the true nature of the relationship between defendant and the victim, and show that defendant did not know that the victim was under the age of 17. Defendant asserted in his petition that his contentions could be supported by "hospital records," an "IDOC Statement of Facts," police reports showing no complaints filed against defendant before the date of his arrest, as well as the emails, text messages and photos between him and the victim.  To his petition, he attached, in pertinent part, a typewritten document entitled "Statement of Facts[;]" a copy of his TABE scores, as well as a handwritten motion to withdraw his guilty plea.

¶ 6       Subsequently, on October 9, 2020, defendant filed a *pro se* supplement to his postconviction petition. In the supplemental petition, defendant admitted that "the last time this petitioner engage [sic] in a sexual congress with [A.A.] was 8 days, more than a week before this petitioner's arrest." (emphasis omitted). The supplemental petition included defendant's birth certificate, showing a

date of birth of August 6, 1995, along with an affidavit from defendant's mother, written in Spanish, stating that defendant was not related to A.A.

¶ 7    On November 20, 2020, the circuit court advanced defendant's petition to the second stage and appointed postconviction counsel. On that date, the hearing was heard via video conference. The circuit court stated that it could not provide any further explanation regarding the allegations because "the file and my notes and an outline of my ruling [is] on my credenza at the courthouse, but…I have not been at the courthouse since last Thursday so I can't put together the reasons for the ruling."

¶ 8    On April 16, 2021, postconviction counsel informed the circuit court that she had ordered the transcript for this case.

¶ 9    On September 9, 2021, postconviction counsel filed a Rule 651(c) certificate, in which counsel averred:

1. I have consulted with the [defendant] personally or by letter to ascertain his contentions of deprivations of constitutional rights.

2. There was not an appeal in this case.

3. I have reviewed the trial file of the public defender.

4. I have reviewed the court file looking specifically at any and all Pre-trial Motions for discovery and Motions for a new trial.

5. I have reviewed the laws for 720 ILCS 5/11-1.30(A)(2).

6. I have obtained and examined the transcript of his plea and sentencing in this case.

7.  I have not filed an Amended Petition for Post-Conviction Relief. The pro se petitions sets forth the petitioner's claims of a violation of due process rights constitutional rights.

¶ 10    On October 29, 2021, postconviction counsel stated:

I did, in fact - - I filed a 651(c), I don't know if you received that, I sent it both to you as well as your clerk. After speaking with [defendant], I did explain to him what I was doing as well as sending him letter to submit that. However, I mean, I - - I haven't received anything to support some of the claims that [defendant] had in his petition. So, I did file a 651(c) this morning, your Honor.

¶ 11    On February 18, 2022, the State filed a Motion to Dismiss. As to defendant's claim of ineffective assistance of trial counsel for failing to investigate text messages exchanged between defendant and A.A., which would support a defense of consent, the State argued that defendant failed to introduce any evidence to support the assertion that he requested his trial counsel to investigate the text message exchanges or provide any information about the content of the alleged messages. Regarding the defense of consent, the State argued that mistake of age was not a viable defense to the offense of aggravated criminal sexual assault.

¶ 12    As to the text messages, the State argued that defendant failed to demonstrate that he was prejudiced by his trial court's failure to investigate the cell phone messages between himself and A.A. The State noted that defendant represented himself for more than six months and failed to obtain the alleged exculpatory evidence during that time, and he failed to offer any evidence or support to explain his own efforts to investigate or obtain the text messages. As to defendant's claim that he did not cause bodily harm to A.A., the State argued that this claim is belied by the fact that defendant pled guilty to this element.

¶ 13    Regarding defendant's contention that his plea was involuntary because he was "ignorant" and received a low "TABE" score, the State responded that defendant failed to include an affidavit regarding the significance of the score and he did not include the method or date of testing. Moreover, the TABE testing score that defendant included in his petition related only to defendant's reading comprehension and was silent about his abilities to understand Spanish or English. Moreover, defendant received the assistance of a court-appointed Spanish interpreter during his plea.

¶ 14    The State also pointed out that defendant's plea took place after a Rule 402 conference after defendant requested this procedure, and the purpose of this conference was to ensure defendant understood his plea, the rights he was waiving, and the consequences of his actions. During the plea hearing, defendant did not hesitate to ask for further explanation when he stated that he did not understand something, the trial court provided further explanation, and defendant answered appropriately to the questions asked of him.

¶ 15    On June 10, 2022, at the hearing on the State's motion to dismiss, both parties rested on their written motions. In granting the State's motion to dismiss, the circuit court found that there was no support for defendant's claim that his trial counsel forced him to plead guilty. The court pointed out that counsel negotiated a beneficial plea deal which prevented defendant from the possibility of being sentenced to consecutive sentences, and defendant did not express any reluctance or hesitation in pleading guilty.

¶ 16    The circuit court also ruled that defendant's contention that his guilty plea was involuntary was contradicted by the record. The circuit court found that defendant was properly admonished, had the assistance of a court certified interpreter, did not voice any words to show that his plea was involuntary, and indicated that he understood the trial court's questions. The circuit court found

that defendant did not present any evidence to suggest that his guilty plea was involuntary. Regarding his low TABE score, the circuit court determined that voluntariness "is tested to proceedings that occur in open court and is not based on post hoc academic tests or academic test scores…" Regarding defendant's claim that his trial counsel was ineffective for failing to investigate text messages and a consent defense, the circuit court found that, in pleading guilty, defendant waived all non-jurisdictional claims. Therefore, the circuit court granted the State's motion to dismiss.

¶ 17                                    ANALYSIS

¶ 18     On appeal, defendant argues that his postconviction counsel failed to render reasonable assistance by fulfilling her obligations under Supreme Court Rule 651(c). Specifically, defendant alleges that, despite filing a Rule 651(c) certificate: (1) counsel's certificate was facially deficient because counsel failed to certify that she made any amendments to his petition that were necessary for an adequate presentation of defendant's claims; (2) counsel made no amendments to the *pro se* petition and did not offer a written or oral response to the State's motion to dismiss; and (3) counsel did not move to withdraw.

¶ 19     The Act provides a three-stage process for a criminal defendant to allege that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2018). In this case, the circuit court dismissed defendant's petition at the second stage. At the second stage, counsel may be appointed to an indigent defendant (725 ILCS 5/122-4 (West 2018)), and the State, as the respondent, enters the litigation. (725 ILCS 5/122-5 (West 2018). The circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Cotto*, 2016 IL 119006, ¶ 28. At this stage, all well-pleaded facts that are not positively rebutted by the trial record are to be taken as

true. *People v. Pendleton*, 223 Ill.2d 458, 473 (2006). The court reviews the petition's factual sufficiency as well as its legal sufficiency considering the trial court record and applicable law. *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 22 (citing *People v. Alberts*, 383 Ill.App.3d 374, 377 (4th Dist. 2008)). If the defendant makes such a showing, then he is entitled to a third-stage evidentiary hearing. 725 ILCS 5/122-6 (West 2014). We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill.2d at 473.

¶ 20     At the second stage, postconviction counsel may amend the petition, and the State may move to dismiss it. *Cotto*, 2016 IL 119006, ¶ 27 (citing 725 ILCS 5/122-4 (West 2010). The Act provides for a "reasonable" level of assistance from counsel. *Pendleton*, 223 Ill.2d at 472. "This is because the right to counsel in postconviction proceeds is statutorily rather than constitutionally derived." *People v Smith*, 2022 IL 126940, ¶ 13 (citing *People v. Turner*, 187 Ill.2d 406, 410 (1999)).

¶ 21     "Commensurate with the lower reasonable assistance standard mandated in postconviction proceedings, Illinois Supreme Court Rule 651 (eff. July 1, 2017) sharply limits the requisite duties of postconviction counsel." *People v. Custer*, 2019 IL 123339, ¶ 32. To assure reasonable assistance, Rule 651(c) imposes specific duties on postconviction counsel. *Turner*, 187 Ill.2d at 410. The rule's primary purpose is to ensure that counsel shapes the defendant's claims, contained in the *pro se petition*, into proper legal form and presents them to the court. *People v. Kuehner*, 2015 IL 117695, ¶ 20. Pursuant to Rule 651(c), when counsel is appointed to represent defendant at the second stage, postconviction counsel must consult with the defendant to ascertain his contentions of deprivation of constitutional rights, examine the record of the proceedings and the trial, and make any amendments to the *pro se* petition that are necessary to adequately present the defendant's contentions. *People v. Urzua*, 2023 IL 127789, ¶ 33 (citing Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 22     Thus, the filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided the defendant with reasonable assistance. *People v. Addison*, 2023 IL 127119, ¶ 21; *People v. Custer*, 2019 IL 123339, ¶ 32. Additionally, the certificate is counsel's official representation to the court that he has fulfilled the duties listed therein. *People v. Perkins*, 229 Ill.2d 34, 50 (2007). If postconviction counsel files a certificate, "[i]t is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19; See also *Addison*, 2023 IL 127119, ¶ 21.

¶ 23                **A. Postconviction Counsel's Rule 651(c) Certificate Was Sufficient**

¶ 24     We first consider the threshold issue of whether postconviction counsel's certificate filed pursuant to Rule 651(c) was facially sufficient. "'Because the question presented in this appeal concerns the proper interpretation of a supreme court rule, our review is *de novo*.'" *People v. Smith*, 2022 IL 126940, ¶ 12 (quoting *People v. Suarez*, 224 Ill.2d 37, 41-42 (2007). As our supreme court recognized, "'When interpreting our supreme court rules, we apply the same principles of construction applicable to statutes.'" *Smith*, 2022 IL 126940, ¶ 12 (quoting *People v. Perkins*, 229 Ill.2d 34, 41 (2007)). Courts "endeavor to ascertain and give effect to the drafter's intent, which is most reliably indicated by the language of the provision under consideration." *Id.* (citing *In re Estate of Rennick*, 181 Ill.2d 395, 404-05 (1998)).

¶ 25     Specifically, Rule 651(c) provides in relevant part:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that [(1)] the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, [(2)] has examined the record of

the proceedings at the trial, and [(3)] has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill.S.Ct.R. 651(c) (eff. July 1, 2017).

¶ 26   "Substantial compliance with the rule is sufficient." *People v. Landa*, 2020 IL App (1st) 170851, ¶ 45 (citing *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Strict compliance is not required. *People v. Collins*, 2021 IL App (1st) 170597, ¶ 30. Moreover, counsel's certificate does not need to mirror the language of Rule 651(c) precisely. *Landa*, 2020 IL App (1st) 170851, ¶ 49.

¶ 27   Here, on September 9, 2021, postconviction counsel filed a Rule 651(c) certificate, in which counsel averred:

1. I have consulted with the [defendant] personally or by letter to ascertain his contentions of deprivations of constitutional rights.

2. There was not an appeal in this case.

3. I have reviewed the trial file of the public defender.

4. I have reviewed the court file looking specifically at any and all Pre-trial Motions for discovery and Motions for a new trial.

5. I have reviewed the laws for 720 ILCS 5/11-1.30(A)(2).

6. I have obtained and examined the transcript of his plea and sentencing in this case.

7. I have not filed an Amended Petition for Post-Conviction Relief. The pro se petitions sets forth the petitioner's claims of a violation of due process rights constitutional rights.

¶ 28   Defendant initially contends that the Rule 651(c) certificate filed in this case was facially invalid where the Rule requires that the certificate state that counsel has made any amendments to the *pro se* petition that are necessary for an "adequate" presentation of defendant's contentions.

He points out that counsel only certified that she did not file an amended petition because the "*pro se* petition sets forth [defendant's] claims of a violation of due process rights constitutional rights."

¶ 29    In essence, defendant's argument is that when counsel attested that she did not file an amended petition, because defendant's *pro se* petition set forth his claims of constitutional violations, it is not synonymous with counsel attesting that he or she made amendments to the *pro se* petition that are necessary for an adequate presentation of defendant's constitutional claims. Defendant's argument is unpersuasive. We find that counsel's certificate shows that it substantially complied with the duties mandated by Rule 651(c) where it closely tracked the language of the rule itself. Postconviction counsel recognized the necessity for filing an amended petition if her assessment of defendant's *pro se* petition showed that it did not present his constitutional claims. Under these circumstances, where postconviction counsel determined that an amended petition should not be filed, she just chose to phrase her attestations to explain why she chose not to do so. Postconviction counsel explained that her decision to not file an amended petition was due to her assessment that defendant's *pro se* petition set forth defendant's constitutional claims. The use of this language, while it does not mirror the exact language of the rule, more effectively explains postconviction counsel's decision to not file an amended petition. Defendant's suggestion that postconviction counsel's 651(c) certificate was facially invalid, therefore, fails.

¶ 30    Notably, defendant also argues that the State has the burden of showing that postconviction counsel's certificate substantially complied with the rule, citing to *People v. Suarez*, 224 Ill.2d 37 (2007). However, the facts in *Suarez* differ in that the postconviction counsel in that case failed to file *any* Rule 651(c) certificate. *Id*. at 42. Instead, it is widely recognized that "[i]t is the defendant's burden to overcome this presumption [of compliance] by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App

(1st) 101307, ¶ 19; accord *People v. Turner*, 2023 IL App (1st) 191503, ¶ 26; *People v. James*, 2023 IL App (1st) 192232, ¶ 37; *People v. Poole*, 2022 IL App (4th) 210347, ¶ 101; *People v. Landa*, 2020 IL App (1st) 170851, ¶ 46.

¶ 31    Defendant also argues that there is nothing on the face of the Rule 651(c) certificate to show the steps taken by counsel to "shape[] the petitioner's claim into proper legal form and present those claims to the court." In making this argument, defendant, again, fails to recognize that the burden is on him to establish that his postconviction counsel failed to substantially comply with the duties mandated by Rule 651(c), and he does not point to anything in support of his argument. Moreover, in this case, there is no need to look any further than the Rule 651(c) certificate in making this determination. Postconviction counsel's attestations in her Rule 651(c) certificate showed that she "personally or by letter" consulted with defendant to ascertain his contentions of constitutional violations; reviewed the "trial file" of the public defender assigned at the trial level; reviewed the court file, including all pre-trial motions for discovery and motions for a new trial; reviewed "the laws for 720 ILCS 5/11-1.30(A)(2)[;] and examined the transcript from the plea hearing and sentencing hearing.

¶ 32    In this case, postconviction counsel filed a valid Rule 651(c) certificate, creating a presumption that defendant received reasonable assistance.

¶ 33        **B. Defendant Did Not Overcome The Presumption of Reasonable Assistance.**

¶ 34    Next, defendant contends that he did not receive reasonable assistance of postconviction counsel where counsel "did not expressly concede to the State's motion to dismiss," but effectively did so by failing to: (1) amend his *pro se* postconviction petition; (2) file a written response to the State's motion; or (3) make any arguments during the motion to dismiss hearing. Defendant contends that postconviction should have amended his *pro se* postconviction petition to adequately

present his claim of error, and respond to the State's motion, or, in the alternative, withdraw from the case, thereby allowing defendant to advance his case on his own or through new counsel.

¶ 35    On this record, however, we find that defendant has failed to rebut the presumption that his postconviction counsel provided reasonable assistance. Counsel filed a Rule 651(c) certificate, which outlined her efforts to investigate defendant's claims and stated her conclusion that the petition adequately set them forth. This filing led to a rebuttable presumption that counsel provided reasonable assistance, including the presumption that she took all reasonable efforts to investigate defendant's claims. *Custer*, 2019 IL 123339, ¶ 32. This placed the burden on defendant to rebut the presumption of reasonable assistance. *Landa*, 2020 IL App (1st) 170851, ¶ 46.

¶ 36    Historically, when looking at whether a defendant was able to rebut the presumption of reasonable assistance, our supreme court has found that a defendant has done so by relying upon the presence of evidence in the record. For instance, in *People v. Johnson*, 154 Ill.2d 227, 243 (1993), our supreme court found that defendant was able to rebut the presumption that postconviction counsel provided reasonable assistance where counsel admitted on the record that he or she was unable to obtain the affidavits of the witnesses "based upon my schedule." In so holding, our supreme court found that "…trial court's ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *Johnson*, 154 Ill.2d at 241.

¶ 37    Again, in *People v. Perkins*, 229 Ill.2d 34, 52 (2007), our supreme court looked to whether there was anything "in the record on appeal" that rebutted postconviction counsel's certification that there were no amendments necessary for an adequate presentation of the defendant's claim and found, however, that the record did not contradict counsel's certification. Most recently, in

*People v Urzua*, 2023 IL 127789, our supreme court held that counsel's certification of compliance created a rebuttable presumption of a reasonable level of assistance, "absent an affirmative showing in the record." *Id. ¶* 54; see also *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 27 (court found that defendant's argument that there was no affirmative evidence in the record to establish that postconviction counsel did not seek out and examine all available evidence was "a reversal of the presumption and corresponding burden…"

¶ 38    Here, defendant does not point to anything in the record to affirmatively rebut postconviction counsel's certification that she had complied with Rule 651(c). Instead, he solely relies upon postconviction counsel's failure to amend the petition as grounds. As our supreme court has already found, postconviction counsel's duties under Rule 651(c) "do not include bolstering each and every claim presented in a petitioner's *pro se* petition, regardless of its legal merit, or presenting each and every witness or shred of evidence the petitioner believes could potentially support his position." *Custer*, 2019 IL 123339, ¶ 32. Counsel is not required to file an amended petition in every case; amendments are necessary only when required to adequately present the defendant's claims. *People v. Turner*, 187 Ill.2d 406, 412 (1999). Thus, counsel may choose to stand on the defendant's unamended petition if it adequately presents his or her claims. *People v. Greer*, 212 Ill.2d 192, 205-06 (2004). Here, because defendant's argument is not based upon any evidence in the record, he cannot affirmatively rebut postconviction counsel's certification that she complied with Rule 651(c).

¶ 39    Moreover, during the hearing on the State's motion to dismiss, the State disputed the merits of defendant's claim of ineffective assistance of trial counsel for failing to investigate text messages, emails and photos exchanged between defendant and the A.A., to support a defense of consent, where consent in not an available defense in this case. We acknowledge that our supreme court

implicitly recognized that the age of consent in Illinois is 17 in reviewing the sexual offenses statutory framework. See *People v. Lloyd*, 2013 IL 113510, ¶ 30 ("[T]he prescribed age of consent in Illinois is 17, although in a few instances where the accused is a family member or a person in a position of trust or authority, the age of consent is 18 [citation]."); *People v. Carter*, 2022 IL App (1st) 210261, ¶ 80; *People v. Avila-Briones*, 2015 IL App (1st) 132221, ¶ 60. Therefore, no matter what the 14-year-old victim said or what defendant thought, a child less than 17, or in some cases, less than 18 years of age, is too young to consent, so a minor's alleged consent can never be an effective defense and cannot be a defense here. As to whether evidence in the form of emails, text messages, and photos may have existed on defendant's phone to support a consent defense, presumably defendant had or could have gotten access to this evidence, if the State had previously confiscated this device, while he represented himself *pro se* by asking the judge to order the return of the device or provide a certified thumb drive of material on the device. We also point out that the decision to develop a consent defense was a matter of trial strategy where it is presumed that the attorney would know the victim as a 14-year-old minor, was not an available defense. However, we are not tasked with determining the merits of defendant's underlying claims. Our supreme court has also held that the reviewing court does not ask whether the defendant's underlying claims in his *pro se* postconviction petition were meritorious or not. *People v. Addison*, 2023 IL 127119, ¶ 33.

¶ 40   Citing to *People v. Greer*, 212 Ill.2d 192 (2004), defendant argues that if postconviction counsel could not amend the petition and provide the required affidavits, counsel was required to withdraw. In *Greer*, the defendant argued that postconviction counsel the circuit court erred in allowing postconviction counsel to withdraw from representing the defendant because it deprived him of the statutory right to counsel. *Greer*, 212 Ill.2d at 196. However, our supreme court held

that postconviction counsel is not required to advance "frivolous or spurious claims on defendant's behalf." Moreover, if counsel were to file an amended petition containing such frivolous or spurious claims, it "would appear to violate the proscriptions of Supreme Court Rule 137… *Id.* at 205; see Ill.S.Ct.R. 137 (eff. Jan. 1, 2018) (providing that an attorney's signature on a document represents that he or she is filing the document in good faith). Furthermore, our supreme court found that there was nothing in the Act that required counsel to continue to represent a postconviction defendant after counsel determines that defendant's petitions is frivolous or patently without merit. *Id.* at 209. Thus, *Greer* held that it is permissible for postconviction to withdraw if he or she finds the defendant's contentions are frivolous or patently without merit. However, contrary to defendant's suggestion, our supreme court did not hold that counsel must withdraw in that instance. See *People v. Turner*, 2023 IL App (1st) 191503, ¶ 53.

¶ 41 Subsequent appellate decisions have recognized withdrawal as one option for an attorney faced with a meritless postconviction petition. For instance, in *People v. Pace*, 386 Ill.App.3d 1056 (4th Dist. 2008), the Fourth District found that counsel had two options when faced with meritless claims: "stand on the allegations in the *pro se* petition and inform the court of the reason the petition was not amended" or withdraw as counsel.

¶ 42 In *People v. Malone*, 2017 IL App (3rd) 140165, ¶ 10, the court rejected the defendant's argument that counsel provided unreasonable assistance when counsel should have amended the petition or asked to withdraw. However, the reviewing court found:

"Postconviction counsel***is not required to amend a defendant's *pro se* postconviction petition. [Citation.] Ethical obligations prevent counsel from doing so if the claims are frivolous. [Citation.] If the claims are frivolous, postconviction counsel has the option of standing on the allegations in the *pro se* petition or to

withdraw as counsel. [Citation.] Further, the defendant does not make any recommendations as to how counsel could have improved the petition, other than stating that counsel did not attach any affidavits supporting the claims." *Id.* ¶ 10.

¶ 43 In reaching this conclusion, the *Malone* court rejected the defendant's contention that if his postconviction counsel could not amend the *pro se* petition, he should have withdrawn as counsel. *Id.* ¶ 12. "Though [*Greer*] allows postconviction counsel to withdraw when the allegations of the petition are without merit and frivolous, it does not compel withdrawal under such circumstances." *Id.* The court found that this amounted to a "distinction without a difference." *Id.*

¶ 44 In addressing defendant's claim in this case, we chose to follow *People v. Bass*, 2018 IL App (1st) 152650, and recognize a significant factual difference with *Greer*. In *Greer*, the defendant's petition was advanced to the second stage by default because the circuit court did not rule on the petition within the statutorily required 90-day period (725 ILCS 5/122-2.1 (West 2000)). In that case, "there was never an initial determination as to [the] merits of the petition." *Greer*, 212 Ill.2d at 200. Under these circumstances, where a petition escapes first-stage review, *Greer* found that it is untenable to require a lawyer to continue to represent the defendant if the lawyer reviews the petition and finds that the petition is, in fact, frivolous or patently without merit. See *Bass*, 2018 IL App (1st) 152650, ¶ 19.

¶ 45 However, in the instant case, while the circuit court did not explicitly state that the petition was not frivolous or patently without merit because his notes regarding his decision were not available to him at that time, defendant's petition was not advanced by default of the time limitations. As we recognized in *Bass*, "[w]hen after conducting his investigation, [defendant's] lawyer determined that he could not obtain affidavits or other evidence to support it, the petition did not *ipso facto* become frivolous or patently without merit, but it nevertheless remained defective, and

counsel determined he was unable to cure that defect." *Bass*, 2018 IL App (1st) 152650, ¶ 19. We also note, parenthetically, that the supreme court may soon resolve this issue. *People v. Huff*, 2022 IL App (1st) 201278-U, *pet. for leave to appeal allowed*, No. 128492 (Sept. 28, 2022).

¶ 46 Similarly here, where counsel investigated defendant's claim, reviewed the record and relevant caselaw, and ultimately was unable to supplement the petition with additional evidence because she "[had not] received anything to support some of the claims[,]" defendant's petition did not *ipso facto* become frivolous or patently without merit. Accordingly, defendant has not sustained his burden to overcome the presumption that attaches to counsel's Rule 651(c) affidavit.

¶ 47 We also address defendant's contention that postconviction counsel's decision to not proceed with any further argument, orally or in writing, after the State filed its motion to dismiss, equated to counsel "expressly conced[ing]" to the State's motion. Defendant points out that in *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 5, the reviewing court found that postconviction counsel had provided unreasonable assistance when counsel stated that he was "going to confess the motion to dismiss" after the State had filed its motion to dismiss. Citing to *Greer*, the court determined that "[i]f counsel, in fact, found the allegations 'nonmeritorious,' even with any necessary amendments, then he should have moved to withdraw as counsel, not confess the State's motion to dismiss." *Shortridge*, 2012 IL App (4th) 100663, ¶¶ 13-14.

¶ 48 In support, defendant cites to *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill.2d 389 (1987), for the proposition that postconviction counsel's decision to not respond orally or in writing to the State's motion to dismiss equated to counsel expressly conceding to the State's motion. He argues that *Spinelli* held that "the failure to respond to the argument of an opponent results in a forfeiture of the right to challenge the opponent's argument[.]" However, defendant's reliance upon *Spinelli* is misplaced. In that case, the reviewing court pointed out the

defendant waived an argument on appeal by failing to raise it at the trial level, but that the State, "by failing to adequately brief or argue the issue in this court, has waived the issue." *Spinelli*, 118 Ill.2d at 401. In its holding, the court cited to Illinois Supreme Court Rule 341(e)(7), which held at that time that, in filing a brief before a reviewing court, "Points not argued are forfeited…" (Ill. Sup. Ct. R. 341(e)(7)). Thus, our supreme court was referring to the Illinois Supreme Court rules applicable to cases on appellate review; not to the decision of counsel during a postconviction proceeding to respond to an argument made by the State in its motion to dismiss. In fact, defendant does not cite to any case for the proposition that postconviction counsel *must* respond to the State's motion to dismiss either in writing or orally. He also does not cite to any case for the proposition that the decision by postconviction counsel to stand on the defendant's postconviction counsel therefore equates to counsel conceding to the motion to dismiss. There are many times throughout a criminal proceeding in which defense counsels decide to not make any further argument regarding their position. We cannot hold that the decision to proceed in this manner thereby equates to conceding to the State's position on the subject matter.

¶ 49 Thus, postconviction counsel filed a valid Rule 651(c) certificate, creating a presumption that defendant received reasonable assistance. We further find that defendant has failed to rebut the presumption that postconviction counsel provided reasonable assistance by relying upon counsel's decision to not file an amended petition, make any oral or written response to the State's motion to dismiss, or file a motion to withdraw.

¶ 50                                                    CONCLUSION

¶ 51     Therefore, for the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 52 Affirmed.